In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Gordon Gibson, | ) | C. A. No. 9:07-0710-GRA-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | |
| | ) | |
| State of South Carolina; | ) | **REPORT AND RECOMMENDATION** |
| County of Laurens; | ) | **OF THE MAGISTRATE JUDGE** |
| South Carolina Attorney General; | ) | |
| Laurens County Detention Center; | ) | |
| Brandy A. Duncan, Assistant Attorney | ) | |
| General; Ricky Chastain, Sheriff of | ) | |
| Laurens County; and Chief Administrator | ) | |
| of Laurens County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

The Plaintiff, James Gordon Gibson ("Plaintiff" or "Gibson"), proceeding *pro se* and *in forma pauperis* under 42 U.S.C. § 1983,[1] is a detainee at the Laurens County Detention Center while he faces proceedings pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 *et seq*. (the "SVP Act").[2] The Plaintiff has filed this action against the County of Laurens (the "County"), the South Carolina Attorney General (the "Attorney General"), Laurens County Detention Center (the "Detention Center"), Brandy A. Duncan,

---

[1]  42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[2]  The SVP Act provides for the involuntary civil commitment to the custody of the SCDMH of sexually violent predators who are "mentally abnormal and extremely dangerous." S.C. Code Ann. § 44-48-20.

Assistant Attorney General ("Duncan"), Ricky Chastain, Sheriff of Laurens County ("Sheriff Chastain"), and the Chief Administrator of the Detention Center (the "Administrator"). Collectively, the County, the Attorney General, the Detention Center, Duncan, Sheriff Chastain, and the Administrator will be referred to herein as the "Defendants". The Plaintiff seeks declaratory and injunctive relief.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

## II. *PRO SE* COMPLAINT

The Plaintiff commenced this case as a *pro se* litigant, and his initial pleadings are accorded liberal construction, as *pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Moreover, the Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present

Complaint.

## III.  PERTINENT PROCEDURAL HISTORY OF THE CASE

On November 30, 2006, the day before the Plaintiff's max-out date of December 1, 2006, the Laurens County Sheriff "retrieved" him from Tyger River and transported him to the Detention Center pursuant to a "hold" order of the court, or by the office of the state Attorney General.  Since that date, he has been held at the Detention Center pending the State of South Carolina's proceedings to have him involuntarily "committed" as a sexually violent predator ("SVP") pursuant to the SVP Act.  *See*, S.C. Code Section 44-48-90.

The Plaintiff filed his complaint, captioned motion for injunctive relief, on March 8, 2007, alleging that on or about June 15, 2006, during the time the Plaintiff was incarcerated the Tyger River Correctional Institution of the SCDC, the State commenced an action to have him involuntarily civilly committed as a sexually violent predator, pursuant to the SVP Act.  [1]  In the complaint, the Plaintiff set forth several reasons that an injunction should issue.  First, the Plaintiff's probable cause hearing (pursuant to S.C. Code § 44-48-70) was scheduled, cancelled, and rescheduled,[3] in violation of S.C. Code § 44-48-80(B), which provides in pertinent part as follows:

> Immediately upon being taken into custody pursuant to subsection (A), the person must be provided with notice of the opportunity to appear in person at a hearing to contest probable cause as to whether the detained person is a sexually violent predator.  This hearing must be held within seventy-two hours after a person is taken into custody pursuant to subsection (A).  At this hearing the court must:
> (1) verify the detainee's identity;
> (2) receive evidence and hear arguments from the person and the Attorney General; and
> (3) determine whether probable cause exists to believe that the person is a sexually violent predator.

---

[3]    In his complaint, the Plaintiff stated that his probable cause hearing was scheduled for October 8, 2006, but was cancelled, rescheduled for October 10, 2006, and cancelled again.  In his amended complaint, the Plaintiff stated that his probable cause hearing was scheduled for October 9, 2006, cancelled three times, and he finally appeared before the court for his probable cause hearing on November 8, 2006.  ([8] at pp. 3-4).

The Plaintiff contends that the SVP Act does not provide for a continuance of the probable cause hearing beyond the seventy-two (72) hour time period set forth in Section 44-48-80(B).  ([1] at ¶ 7).  Second, the Plaintiff contends that the state judge erred when he allowed the State's evaluation to be resumed after the matter had been dismissed at the first probable cause hearing on January 29, 2004.  ([1] at ¶ 13).  The Plaintiff argues that he is entitled to the dismissal of the State's action on the grounds of *res judicata*, because the State did not appeal the dismissal of the action in the last probable cause hearing on January 29, 2004.  ([1] at ¶ 14).  Third, the Plaintiff claims that he was entitled to a trial within sixty days after the probable cause hearing on November 8, 2006, but he did not receive a trial within sixty days.  ([1] at ¶ 15).  Finally, the Plaintiff contends his attorney provided ineffective assistance of counsel by failing to present certain issues pertinent to his defense which the Plaintiff demanded be brought to the court's attention, including the requirement that he be brought to court within seventy-two hours.  ([1] at ¶¶ 17-18).

Along with his complaint, the Plaintiff filed a motion for leave to proceed *in forma pauperis* and a motion for temporary injunctive relief.  [1; 2; 3]  On March 19, 2007, the undersigned issued an order granting the Plaintiff's motion for leave to proceed *in forma pauperis*, and also issued a proper form order.  [6; 7]  Thereafter, the Plaintiff filed an amended complaint, more fully setting forth the facts of the case and the arguments in support of the allegations contained in the complaint, and also arguing that the sixty-day time frame for bringing the Plaintiff to trial was essentially a statute of limitations, which resulted in the State being unable to try him for a civil commitment after January 8, 2007.  ([8] at pp. 5-6).  Plaintiff seeks to be released from custody during the pendency of the matter before this court, and that all state entities cease and be restrained from further action until this matter is decided by a

federal court. He also seeks compensatory and punitive damages for emotional distress, mental anguish, and deprivation of life and liberty. [8]

On April 3, 2007, the undersigned issued an order denying the Plaintiff's motion for appointment of counsel, and issued a separate order which authorized service of process of the amended complaint by the Clerk of Court . [13; 14]  On May 7, 2007, an answer to the amended complaint was filed on behalf of the Defendants, followed by a motion for summary judgment was filed. [19; 28]  On July 27, 2007, the undersigned issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion for Summary Judgment within thirty-four (34) days.[4]  [29]  After the Plaintiff failed to respond, the court issued an order extending the deadline by twenty days.  [31]  The Plaintiff filed a response to the motion for summary judgment and a motion to appoint counsel; the latter was denied by an order filed on September 20, 2007.  [34; 35; 36]  As the issues have been joined, this matter is now ripe for review by the court.

## IV.  SUMMARY JUDGMENT STANDARD

Summary judgment separates the wheat from the chaff, and disposes of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A summary judgment motion requires the court to look beyond the pleadings and ask whether there is a genuine need for trial.  *Matsushita Electric Industr. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

---

[4] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a defendant demonstrates the absence of evidence to support a claim, then the plaintiff must come forward with evidence to show that there remains a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25.  An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for plaintiff. *Anderson*, 477 U.S. at 248.  A "material" fact issue is one that might affect the outcome of the lawsuit under governing substantive law. *Id.*  A complete failure of proof concerning an essential element of a plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23.  Production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

## V.  DISCUSSION

### A.  Probable Cause under the SVP Act

According to the Defendants, on August 14, 2006, the State of South Carolina initiated a commitment proceeding against the Plaintiff pursuant to the SVP Act.  Pursuant to the terms of the Act, notices were issued, and on August 17, 2006, the Honorable J. Cordell Maddox signed a probable cause order requiring a probable cause hearing to be held.  The Defendants state that on August 24, 2006, counsel was appointed to represent the Plaintiff in the SVP Act proceedings. A probable cause hearing was held on November 8, 2006 before Judge Maddox.  On December 5, 2006, Judge Maddox signed an Order making a specific finding that probable cause existed to find the Plaintiff to be a sexually violent predator as defined by S.C. Code Ann. § 44-48-30. Judge Maddox's Order further provided that the Plaintiff be detained at the Laurens County Detention Center upon his max-out date from the SCDC and until a final disposition of the action.  Judge Maddox's Order of December 5, 2006 further provided that the Plaintiff submit to

a psychiatric examination. A psychiatric and psychological evaluation of the Plaintiff was completed, and it was recommended that the Plaintiff be detained.

According to the Defendants, in the SVP Act proceedings, the Plaintiff filed a Motion to Dismiss on various grounds which are essentially the same grounds and arguments which the Plaintiff relies upon as the basis for the constitutional claim alleged in the present case. On March 1, 2007, the Common Pleas Court issued an Order denying the Plaintiff's Motion to Dismiss. In the State Court Order of March 1, 2007, the Court addressed the Plaintiff's arguments regarding the 72 hour provision, the 60 day provision, claims of equal protection and due process, a claim of double jeopardy, and the Plaintiff's claim of *res judicata*. Based upon the Court's analysis of those claims, the State Court denied the Plaintiff's Motion to Dismiss. The Plaintiff did not appeal from that Order.

### B. The Detention of the Plaintiff is Lawful and Supported by Probable Cause

The Defendants argue that the State Court specifically found that probable cause exists to detain the Plaintiff and that the Plaintiff is a sexually violent predator within the meaning of South Carolina law. Probable cause is not determined based upon whether or not a person is guilty or innocent, and evidence sufficient to convict is not required for a finding of probable cause. *Taylor v. Waters*, 81 F.3d 429 (4th Cir. 1996); *White v. Coleman*, 277 F.Supp. 292 (D.S.C. 1967). In *Clark v. Link*, 855 F.2d 156 (4th Cir. 1988), the court held that a facially valid arrest warrant provide for a probable cause finding. In *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991), the Fourth Circuit indicated that a probable cause determination provides additional support that probable cause for an arrest is present.

In the present case, the probable cause determination that the Plaintiff be detained was made by a Circuit Judge of the state of South Carolina. In light of the probable cause finding by

the Circuit Court, the Plaintiff's detention is and has therefore been lawful and constitutional.

### C.  The State Court has heard the Plaintiff's Arguments and Made a Ruling

As the Defendants argue, in a motion filed with the state Court, the Plaintiff advanced the arguments that he relies upon in the present action to request that the Court dismiss the State's proceedings against him pursuant to the SVP Act.  After hearing these arguments, the state Court held that the 72 hour provision of S.C. Code Ann. § 44-48-80(b) does not apply.  Further, the Court concluded that any failure to meet the 72 hour provision of S.C. Code Ann. § 44-48-80(b) did not mandate dismissal.  The Court further concluded that any failure to meet the 60 day provision of S.C. Code Ann. § 44-48-90 would not mandate dismissal.  The state Court also determined that the Plaintiff was not deprived of any equal protection and/or due process rights.  Finally, the court reviewed the Plaintiff's double jeopardy and *res judicata* arguments and denied the Plaintiff's request for dismissal of the pending state action.

The Defendants argue that the Circuit Court in its Order of March 1, 2007 addressed essentially the same substantive arguments that the Plaintiff advances at this time.  The Plaintiff's proper avenue of appeal is not to this court, but to appeal the Circuit Court's Order to the state Court of Appeals.

### D.  Defendants Duncan and Sheriff Chastain Are Entitled to Absolute Immunity

Defendant Duncan is an assistant for the Attorney General involving the prosecution of the pending proceedings in State Court pursuant to the SVP Act.  Defendant Sheriff Chastain is the Sheriff of Laurens County.  To the extent of their involvement with the pending case, they are entitled to absolute immunity and/or absolute prosecutorial immunity.  *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006); *Gomez v. Atkins*, 296 F.3d 253 (4th Cir. 2002).

### E.  Qualified Immunity

Although it is not clear from the face of the Plaintiff's pleadings as to whether he has brought this action against the Defendants in their individual capacities, to the extent that these claims are construed as such, the Defendants are entitled to qualified immunity because they have not violated any of Plaintiff's clearly established rights.  The Supreme Court, in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity. The Court in *Harlow* held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

> In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:
>
> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this [clearly established] right applies to the actions of the official must also be apparent. As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

*Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994) (internal citations omitted), *cert. denied*, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1985).

In *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991), the Fourth Circuit Court of Appeals explained the rationale for *Harlow* qualified immunity:

> The grant of qualified immunity to government officials ensures that these officials can perform their duties free from the specter of endless and debilitating lawsuits. Without such immunity, the operations of government would be immobilized. Permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.

*Torchinsky*, 942 F.2d at 260-261.  (Citations omitted).  The *Torchinsky* court further noted that

"a particularly appropriate procedure for determining an official's entitlement to qualified immunity is summary judgment." *Id.* at 261. The *Torchinsky* court held that an official's entitlement to qualified immunity is based upon an "objective reasonableness" standard. *Id.* "The very idea of reasonableness requires that courts accord interpretive latitude to officials judgments." *Id.* (*citing Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir. 1988)). Therefore, a plaintiff may prove that his rights have been violated, but the official is still entitled to qualified immunity if a reasonable person in the "official's position could have failed to appreciate that his conduct would violate" those rights. *Id.* (*citing Collinson v. Gott*, 895 F.2d 994 (4th Cir. 1990)). As the Fourth Circuit explained in the case of *Swanson v. Powers*, 937 F.2d 965 (4th Cir. 1991), "[o]nly violations of those federal rights clearly recognized in existing case law will support an award in damages under 42 U.S.C. § 1983." *Id.* at 967. Therefore, if a particular action by a state agency is deemed unconstitutional, the defendant is entitled to qualified immunity unless there is clearly established case law demonstrating that the alleged conduct is violative of the Constitution.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity when it stated:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298 (citations omitted).

Thus, for a plaintiff to recover, he must show the defendants (i) violated a particular right clearly established in law, and (ii) the application of that right to the actions of the official must be apparent. The Plaintiff in this case has not done so. None of the Defendants in the present

case has "transgressed bright lines." *Maciariello*, 973 F.2d at 298. Therefore, Plaintiff's claims against the Defendants should be dismissed on the basis of qualified immunity.

### F. *Respondeat Superior*

To the extent the Plaintiff bases his Section 1983 claim on principles of respondeat superior, the Plaintiff's claim should be dismissed. It is well-settled that liability under Section 1983 cannot be based upon *respondeat superior. Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Similarly, the doctrine of vicarious liability is not applicable in Section 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Unless Plaintiff presents evidence to show specific wrongdoing on the part of any of the Defendants, which he has not, those Defendants may not be held liable for the acts of others. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wetherington v. Phillips*, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), *aff'd*, 526 F.2d 591 (4th Cir. 1975); *Stubby v. Hunter*, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Finally, the Plaintiff has failed to allege any personal connection between any of the individually named Defendants and any denial of the Plaintiff's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). In fact, the Plaintiff's complaint, as amended, does not make <u>any</u> specific factual allegations against the named Defendants. Accordingly, this action should be dismissed.

### G. The Entities and/or Political Subdivisions Should be Dismissed

In order for the Plaintiff to have a claim against a governmental entity under Section 1983, it is necessary for the Plaintiff to allege and make a showing that some policy or custom of a municipality or governmental agency caused a constitutional tort. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). To invoke liability under Section 1983, there must be proof and evidence to establish that a governmental policy or custom caused the Plaintiff injury and that

some deliberate conduct on the part of the municipality of governmental entity was the "moving force" behind the alleged injury. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 297 (1997). There is no evidence of such conduct in the present case.

### H.  The Plaintiff Is Not Entitled to Injunctive Relief

The Plaintiff has failed to make any showing which would entitle him to an injunction pursuant to F.R.C.P. Rule 65. An injunction is an extraordinary remedy. The Plaintiff makes no showing that an injunction is appropriate or proper. Furthermore, to the extent the Plaintiff asserts a remedy at law in this action for an unlawful detention, the availability of that remedy precludes an injunction.

### I.  The Defendants Are Immune from Suit Pursuant to S.C. Code Ann. §§ 15-78-60 and 15-78-70

To the extent the Plaintiff attempts to allege a claim based upon state law, the South Carolina Tort Claims Act operates as a bar to the Plaintiff's alleged claims. Subsections 1, 2, and 3 of S.C. Code Ann. § 15-78-60 should be applied to defeat any state law claims asserted by the Plaintiff. Furthermore, pursuant to S.C. Code Ann. § 15-78-70, to the extent the Plaintiff attempts to assert a state law claim, any claim must be brought against the agency, entity or political subdivision as opposed to an individual employee of such entity and/or agency.

## **RECOMMENDATION**

It appears that there is no genuine issue as to any material fact, and that the Defendants are entitled to judgment as a matter of law. Accordingly, for the aforementioned reasons, it is recommended that the Plaintiff's **Motion for Temporary Injunctive Relief [3] be denied,** and the Defendants' **Motion for Summary Judgment [28] be granted.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

October 17, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1);

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).