UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Gordon Gibson, | ) | C/A No.:9:07-cv-0710-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| State of South Carolina; County of | ) | |
| Laurens; South Carolina Attorney | ) | |
| General; Laurens County Detention | ) | |
| Center; Brandy A. Duncan, Assistant | ) | |
| Attorney General; Ricky Chastain, | ) | |
| Sheriff of Laurens County; and Chief | ) | |
| Administrator of Laurens County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local rule 73.02(B)(2)(d), D.S.C., filed on October 17, 2007. James Gordon Gibson (Plaintiff) filed objections to the Report and Recommendation on November 1, 2007.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, this Court is will liberally construe any pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

The plaintiff first objects to the magistrate's recommendation because he questions whether his motion in opposition to the summary judgment arrived at the court. A review of the docket sheet reveals that the plaintiff's motion in opposition was docketed on September 20, 2007. Further, it is clear the magistrate mentioned the plaintiff's motion in opposition in the procedural history of the case. *R. & R.* at 5. Therefore, the plaintiff's objection is without merit.

The rest of the plaintiff's objections are not specific. Rather than directing this Court to a "specific error in the magistrate's proposed findings and recommendation," *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), the plaintiff uses the bulk of his "objections" to argue that the law library at the Laurens County Detention Center is

insufficient. This issue is irrelevant to any part of the magistrate's Report and Recommendation. In the absence of specific objections, this Court need not conduct a *de novo* review. *Camby*, 718 F.2d at 199.

After a thorough review of the magistrate's Report and Recommendation and the plaintiff's objections, this Court finds that the Report and Recommendation applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT Plaintiff's Motion for Temporary Injunctive Relief be DENIED; IT IS FURTHER ORDERED THAT the defendants' Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 28, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.